UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN RODEN,

       Plaintiff,                 Case No. 22-cv-12831
                                       Hon. Paul D. Borman

v.

LAPHAM, ET AL.,

       Defendants.

_____/

**OPINION AND ORDER DISMISSING
DUPLICATIVE COMPLAINT WITHOUT PREJUDICE**

Plaintiff Jonathan Roden is incarcerated at the G. Robert Correctional Facility in Jackson, Michigan. He has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) His complaint is duplicative of a previously filed civil rights complaint and will be dismissed on that basis.

Roden's complaint names four corrections officers as defendants. He alleges that, in June 2021, Defendants Lapham and Heskette removed him from his housing unit and took him to the "COVID-19 [quarantining] floor and placed [him] in the Covid quarantine shower." (*Id.* at PageID.3.) Defendant Lapham conducted a strip search and then locked Roden in the "COVID shower." (*Id.* at PageID.4.) Roden later asked Defendants Gowdy and Demps to release him from the shower area but neither did so. (*Id.*) Approximately six hours after being placed in the shower area,

Roden was released to the general population. (*Id.* at PageID.5-6.) Roden claims that Defendants' actions violated his Eighth Amendment right to be free from cruel and unusual punishment. He seeks $ 50,000 in damages.

Roden previously filed another lawsuit against the same Defendants named in this action. *See Roden v. Lapham, et al.*, Case No. 21-cv-12183 (E.D. Mich.). That action is now pending before the Honorable Mark A. Goldsmith. In that action, Roden makes largely the same factual allegations as he does in the case before this Court.

As a general rule, when duplicative lawsuits are pending in separate federal courts, "the entire action should be decided by the court in which an action was first filed." *Smith v. Securities and Exchange Commission*, 129 F. 3d 356, 361 (6th Cir. 1997). A duplicative suit is one in which the issues "have such an identity that a determination in one action leaves little or nothing to be determined in the other." *Id.* A district court "has broad discretion in determining whether to dismiss litigation or abstain in order to avoid duplicative proceedings." *In re Camall Co.*, 16 F. App'x 403, 408 (6th Cir. 2001) (citing *In Re White Motor Credit*, 761 F.2d 270, 274–75 (6th Cir. 1985)).

A determination in the earlier-filed civil rights action would leave little or nothing to be determined in this action. Accordingly, this case is duplicative of the

2

earlier-filed action and is **DISMISSED WITHOUT PREJUDICE**.

    **SO ORDERED**.

                                              s/Paul D. Borman
                                              PAUL D. BORMAN
                                              UNITED STATES DISTRICT JUDGE

DATED: January 4, 2023